# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 03-CR-031-TCK |
| DARAYLE DEON CRUTCHER, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Defendant Darayle Deon Crutcher's ("Crutcher's") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 36). On June 24, 2021, the Government filed its Response in Opposition (Doc. 44).

Crutcher seeks a reduction in sentence based on extraordinary and compelling circumstances, and a combination of factors which warrant relief. The Government urges the Court to deny Crutcher's § 3582(c)(1)(A) motion based on the contention that Crutcher is not eligible for compassionate release. *Id.* Specifically, the Government argues that Crutcher's claims do not constitute "extraordinary and compelling reasons" warranting relief. (Doc. 44). Based on the following, Crutcher submits the Government is wrong as a matter of law as to his eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). Further, Crutcher maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a reduction in sentence.

**I. Background**

In 2002, Oklahoma authorities charged Crutcher with drug trafficking and drug-related offenses. (PSR at ¶ 23). After a Tulsa County jury convicted him, Crutcher received a 50-year sentence in the Oklahoma Department of Corrections. (Id. at ¶¶ 2, 23). About a month before he was convicted in state court, a federal grand jury charged Crutcher with being a felon in possession

of firearms and ammunition, knowingly using and carrying a firearm during and in relation to a drug trafficking crime, and knowingly and intentionally possessing with intent to distribute cocaine. (Id. at ¶ 1; see also Doc. 1). Crutcher pleaded guilty to the § 924(c) violation, and the government dismissed the remaining counts. (PSR at ¶¶ 3–4). This Court accepted the plea agreement and sentenced Crutcher to 60 months of imprisonment, "to run consecutive to any other term of imprisonment." (Doc. 23 at 2). Crutcher did not appeal, and began serving his state sentence in 2003.

In May 2021, Crutcher was transferred to the custody of the Bureau of Prisons and began serving his 5-year federal sentence. (See Doc. 44, Inmate Profile, Exhibit 1 at 3). His projected release date is November 9, 2024. Crutcher now seeks compassionate release based on his lengthy state sentence, his rehabilitation efforts, the "except clause" of § 924(c), the danger of COVID-19, and his family circumstances. Crutcher requests a reduction of his federal sentence based on 18 U.S.C. § 3582(c)(1)(A). (Doc. 36).

Although Crutcher has sought unsuccessfully to obtain relief from this sentence, in December 2018, Congress passed the First Step Act, which eliminated the practice of enhancing § 924(c) counts in a first case and empowered defendants to seek compassionate release from the courts. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5221–22. Pursuant to those changes, on March 29, 2021, Crutcher submitted a written request to the warden at his facility asking for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The request was denied by the warden at his facility on April 12, 2021.

Since Crutcher's sentencing in 2003, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive

sentencing disparities caused by recent legislation, as well as a combination of other factors, may warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

**II. Applicable Law**

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. Apr. 1, 2021).

**A. Exhaustion Requirement**

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, the Tenth Circuit Court of Appeals has recently held that exhaustion should be "treat[ed] as a mandatory claim-processing rule." *United States v. Watson*, No. 20-5046, ft.n. 1 at 2 (10th Cir. June 24, 2021) citing *Hamer v. Neighborhood Hous. Servs. Of Chicago*, 138 S.Ct. 13, 17 (2017)("If properly invoked, mandatory claim-processing rules must be enforced, *but they may be waived or forfeited*." (emphasis added)).

**B. Extraordinary and Compelling Circumstances**

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. Apr. 1, 2021); *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. –

4

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

**C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

**III. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is Warranted**

**A. Crutcher Has Met the Exhaustion Requirements of § 3582(c)(1)(A)**

As noted *supra*, on March 29, 2021, Crutcher submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). The warden at his facility denied his request on April 12, 2021. Therefore, Crutcher has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

**B. Extraordinary and Compelling Circumstances Justify a Reduction in Sentence**

In considering Crutcher's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. Apr. 1, 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to

determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. The Court must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

The extraordinary and compelling circumstances presented in the instant case relate in part to the lengthy sentence of 50 years in the Oklahoma Department of Corrections following Crutcher's jury trial. Crutcher also received a mandatory consecutive federal sentence of five years imprisonment under 18 U.S.C. § 924(c) for conduct which arose from the same criminal transaction as the drug trafficking offense in state court.

Additionally, Crutcher's family circumstances, as well as his medical condition, including his obesity in combination with the ongoing COVID-19 pandemic, qualify as extraordinary and compelling reasons warranting compassionate release.

### C. A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy

Having established that Crutcher has exhausted his administrative appeal, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242.[2] See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a

---

[2] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id.*

positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Looking to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), Crutcher recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation. Crutcher was 24 years old when he was sentenced and is now 43 years of age. He has served 19 years of his term of imprisonment with a projected release date of November 9, 2024. During his time incarcerated, Crutcher continues to work on self-development and personal growth having completed many hours of classes and programs in an array of subjects. He has been dedicated to the rehabilitation of himself and others, personifying the objectives of § 3553(a)(2) that incarceration "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."

Crutcher has an extensive inmate transcript, logging many hours in educational, vocational, and therapeutic courses. Among his many accomplishments over the past 19 years, Crutcher has also volunteered to help other inmates through literacy programs. Importantly, Crutcher has maintained relationships with his family, friends and has community ties which will enable him employment opportunities when he is released. He has procured employment upon his release with a trucking company. Further, Crutcher's elderly father who is 73 years of age requires his assistance in raising 3 grandchildren after the recent loss of his wife due to COVID-19, and the loss of his son, Terence Crutcher, the defendant's brother.

Considering Crutcher's conviction at a relatively young age, receiving what amounted to a life sentence, and his rehabilitation efforts, the Court finds extraordinary and compelling circumstances which form the basis for relief. Therefore, the Court finds that a reduction under §

positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Looking to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), Crutcher recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation. Crutcher was 24 years old when he was sentenced and is now 43 years of age. He has served 19 years of his term of imprisonment with a projected release date of November 9, 2024. During his time incarcerated, Crutcher continues to work on self-development and personal growth having completed many hours of classes and programs in an array of subjects. He has been dedicated to the rehabilitation of himself and others, personifying the objectives of § 3553(a)(2) that incarceration "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."

Crutcher has an extensive inmate transcript, logging many hours in educational, vocational, and therapeutic courses. Among his many accomplishments over the past 19 years, Crutcher has also volunteered to help other inmates through literacy programs. Importantly, Crutcher has maintained relationships with his family, friends and has community ties which will enable him employment opportunities when he is released. He has procured employment upon his release with a trucking company. Further, Crutcher's elderly father who is 73 years of age requires his assistance in raising 3 grandchildren after the recent loss of his wife due to COVID-19, and the loss of his son, Terence Crutcher, the defendant's brother.

Considering Crutcher's conviction at a relatively young age, receiving what amounted to a life sentence, and his rehabilitation efforts, the Court finds extraordinary and compelling circumstances which form the basis for relief. Therefore, the Court finds that a reduction under §

3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

## IV. CONCLUSION

Based on the foregoing, the Court grants Crutcher's Motion for Compassionate Release (Doc. 36). Defendant's sentence is hereby reduced to time served, plus 14 days. The fourteen-day period prior to release from the Bureau of Prisons should be spent in quarantine for protection of the public. The previously imposed fine, term of supervised release and conditions of supervision remain unchanged.[3] The Bureau of Prisons is directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma expeditiously.

**IT IS SO ORDERED this 7th day of June, 2021.**

TERENCE C. KERN
United States District Judge

---

[3] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.